UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES – GENERAL</u>

| | |
|---|---|
| Case No.    2:25-cv-06623-SSS-AJR | Date:  July 28, 2025 |
| | Page 1 of 6 |

Title:     <u>Infiniti Chantel Bonet v. Leland Dudek</u>

---

DOCKET ENTRY:     **ORDER TO SHOW CAUSE WHY THIS COMPLAINT SHOULD NOT BE STRICKEN AS AN IMPERMISSIBLE FILING BY A NON-ATTORNEY NOT APPEARING *PRO SE***

---

PRESENT:

**<u>HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE</u>**

| Claudia Garcia-Marquez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:  (IN CHAMBERS):**

**I.     BACKGROUND**

On April 8, 2025, *pro se* Plaintiff Infiniti Chantel Bonet (the "Plaintiff"), the sister and purported personal representative of the decedent, Charvette Sarre Wright (the "Decedent"), filed a Social Security complaint pursuant to 42 U.S.C. § 405(g).  (<u>See</u> <u>Infiniti Chantel Bonet v. Leland Dudek</u>, Case No. 2:25-cv-03224-SSS-AJR, Dkt. 1.)  On April 16, 2025, the Court issued an Order to Show Cause why the complaint should not be stricken as an impermissible filing by a non-attorney not appearing *pro se*.  (<u>Id.</u> at Dkt. 6.)  On May 16, 2025, Plaintiff voluntarily dismissed the action by filing a Notice of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1).  (<u>Id.</u> at Dkt. 9.)  The case was subsequently closed.

On July 16, 2025, Plaintiff refiled the instant Social Security Complaint pursuant to 42 U.S.C. § 405(g) (the "Complaint").  (Dkt. 1.)  As in the prior case, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   2:25-cv-06623-SSS-AJR                Date: July 28, 2025
                                                Page 2 of 6

Title:      Infiniti Chantel Bonet v. Leland Dudek

Decedent's claim for widow's insurance benefits, and requests retroactive widow's benefits for the period from 2005 through 2018.  (Id. at ¶¶ 16-17.)

According to the Complaint and attached exhibits, Decedent died on March 5, 2019.  (Id. at 7.)[1]  Plaintiff alleges that Decedent received Supplemental Security Income ("SSI") from October 1980 through November 2001, and again from June 2002 through September 2018.  (Id. at ¶¶ 7-8.)  Following the death of her former husband on September 21, 1991, Decedent filed for widow's benefits on December 5, 2005, which was allegedly improperly denied based on the erroneous assertion that she was divorced.  (Id. at ¶¶ 10, 12, 13, 16.)  Plaintiff now seeks Decedent's alleged entitlement to retroactive widow's benefits for the period between the initial application on December 5, 2005 and July 3, 2018.  (Id. at ¶¶ 16-17.)

II.    DISCUSSION

    A.    **Legal Standard For *Pro Se* Representation.**

"The causes of action on which civil litigants may proceed without counsel are limited by statute."  Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008).  "The general rule establishing the right of an individual to represent oneself in all federal courts of the United States is contained in 28 U.S.C. § 1654."  Id.  This statute provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct cases therein."  28 U.S.C. § 1654; see also C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (explaining statute's history and meaning).  "It is well established that the privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or entities."  Simon, 546 F.3d at 664.  Consequently, in an action brought by a *pro se* litigant, the real party in

---

[1] The Court cites to the CM/ECF pagination on the top of each page.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.    2:25-cv-06623-SSS-AJR            Date: July 28, 2025
                                              Page 3 of 6

Title:      Infiniti Chantel Bonet v. Leland Dudek

interest must be the person who "by substantive law has the right to be enforced." Id. (quoting C.E. Pope Equity Tr., 818 F.2d at 697).

The Central District of California's Local Rules mirror this rule by requiring "an appearance before the Court on behalf of another person, an organization, or a class [to] be made only by members of the Bar of this Court, as defined in L. R. 83-2.1.2," absent limited exceptions inapplicable here. L. R. 83-2.1.1.1. The Local Rules further provide that "[a]ny person representing himself or herself in a case without an attorney must appear *pro se* for such purpose," and "that representation may not be delegated to any other person—even a spouse, relative, or co-party in the case." L. R. 83-2.2.1.

B.    Analysis.

Plaintiff filed the instant Complaint as the purported personal representative of Decedent. (See generally Dkt. 1.) However, the record reflects that Plaintiff is not a licensed attorney and has stated that she "is looking for a Pro Bono attorney to substitute in on this case, as soon as possible." (Id. at ¶ 18); see C.E. Pope Equity Trust, 818 F.2d at 697. Because Plaintiff is not a licensed attorney, the Court finds that she "has no authority to appear as an attorney for others than [herself]." Id.; see also L.R. 83-2.1.1.1; L.R. 83-2.2.1.

Furthermore, to the extent that Plaintiff purportedly has power of attorney as to Decedent as a "personal representative" or trustee, this does not alter that conclusion. See C.E. Pope Equity Trust, 818 F.2d at 698 (Non-attorney plaintiff "may not claim that his status as a trustee includes the right to present arguments *pro se* in federal court"); Sundby v. Marquee Funding Grp., Inc., 2022 WL 4826445, at *1 (9th Cir. Oct. 3, 2022) ("A trustee may not represent a trust *pro se* in federal court."); Terra Libre Land Trust on behalf of Goulet v Wells Fargo Bank, N.A., 2022 WL 1404648, at *1 (W.D. Wash. May 4, 2022) (Non-attorney managing trustee "may represent his own interests, as those are personal to him, but he may not represent . . . any other entities or individuals."); Bank of N.Y. Mellon v. Perry, 2017 WL 579894, at *5 (D. Haw. Nov. 27, 2017) ("[N]on-attorney] is cautioned that he may not represent [defendant] under a 'Special Power of Attorney,' or as his duly 'authorized Trustee,' or 'agent.'"); Barker v. JP Morgan Chase Bank, 2016 WL

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**<u>CIVIL MINUTES – GENERAL</u>**

Case No.    2:25-cv-06623-SSS-AJR                    Date:  July 28, 2025
                                                     Page 4 of 6

Title:      <u>Infiniti Chantel Bonet v. Leland Dudek</u>

9453816, at *1 (N.D. Ga. Mar. 25, 2016) ("[T]he existence of a power of attorney does not authorize a nonlawyer to undertake to conduct legal proceedings on behalf of a pro se litigant where the law otherwise requires that such proceedings be conducted by a licensed attorney.").

   Moreover, under Federal Rule of Civil Procedure 11(a), all pleadings must be signed either by a licensed attorney of record or the unrepresented party.  <u>See</u> Fed. R. Civ. P. 11(a).  The signature also certifies that the pleading is legally warranted and not presented for an improper purpose.  <u>See</u> Fed. R. Civ. P. 11(b).  Plaintiff's attempt to file the Complaint on behalf of another person, namely her deceased sister, appears to violate these rules.

   Finally, Plaintiff has not shown that she satisfies Article III standing requirements.  To establish standing, a plaintiff must assert her own legal rights and interests, not those of a third party.  <u>See</u> <u>Kowalski v. Tesmer</u>, 543 U.S. 125, 129 (2004) (stating the general rule that "a party generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties" (internal quotation marks omitted)).  Plaintiff has not demonstrated that she has standing to bring claims on behalf of the Decedent, nor has she submitted any documentation showing legal authority to act in a representative capacity on behalf of the Decedent's estate.

**III.   CONCLUSION**

   Based upon the Complaint currently submitted on the record and applicable law, Plaintiff is **ORDERED TO SHOW CAUSE** in writing, no later than **August 28, 2025,** why this Court should not recommend that the Complaint be stricken as an impermissible filing by a non-attorney not appearing *pro se*.  The result of recommending that the Complaint be stricken is that this case would be dismissed without prejudice.  Plaintiff can also satisfy this Order to Show Cause by substituting in a licensed attorney who is admitted to practice before this Court.

   Plaintiff is advised that if she no longer wishes to pursue this action, she may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.    2:25-cv-06623-SSS-AJR               Date:  July 28, 2025
                                                                                                 Page 5 of 6

Title:           Infiniti Chantel Bonet v. Leland Dudek

Rule of Civil Procedure 41(a)(1).  A form Notice of Dismissal is attached for Plaintiff's convenience.

**Plaintiff is further advised that if she fails to timely respond to this Order to Show Cause, or fails to explain how she is permitted to represent Decedent in this action, the Court will recommend that this action be dismissed without prejudice for her failure to comply with Court orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).**

Resources for Parties Without Attorneys:  There are several Federal *Pro Se* Clinics that offer information and guidance to individuals who are representing themselves in federal civil actions in the Central District of California.  The clinics are operated by separate non-profit law firms, not the Court.  The lawyers and staff at the clinics will not take on direct representation of any individual, but they provide a broad range of information and guidance about many aspects of civil litigation in federal court.  There is a separate clinic located at each of the three courthouses in the Central District of California:

Los Angeles:  The clinic is located in Suite 170 (Terrace Level) of the Edward R. Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, California 90012.  For information on hours of operation and appointments, call (213) 385-2977, Ext. 270 or visit the *Pro Se* Clinic Home Page at https://prose.cacd.uscourts.gov/los-angeles.  The law firm that runs the Los Angeles *Pro Se* Clinic also offers many helpful templates, guides, samples, and instructional videos that are all available online at https://www.publiccounsel.org/services/federal-court/.

Santa Ana:  The clinic is located in Room 1055 of the Ronald Reagan Federal Building and United States Courthouse, 411 West 4th Street, Santa Ana, California.  For information on hours of operation and appointments, call (714) 541-1010, Ext. 222 or visit the *Pro Se* Clinic Home Page at https://prose.cacd.uscourts.gov/santa-ana.

Riverside:  The clinic is located in Room 125 of the George E. Brown Federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:25-cv-06623-SSS-AJR                        Date: July 28, 2025
                                                        Page 6 of 6

Title:      Infiniti Chantel Bonet v. Leland Dudek

Building, 3470 12th Street, Riverside, California 92501.  For information on hours of operation and appointments, call (951) 682-7968 or visit the *Pro Se* Clinic Home Page at https://prose.cacd.uscourts.gov/riverside.

IT IS SO ORDERED.


Attachments:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).